UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SCOTT M. GRAVENOR,

                                Plaintiff,

                              v.

ANDREW SAUL,

                              Defendant.
_____

<u>DECISION AND ORDER</u>

18-CV-6406L

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

On June 10, 2014, plaintiff, then forty-two years old, filed an application for a period of disability and disability insurance benefits, alleging an inability to work since July 26, 2013. (Administrative Transcript, Dkt. #6 at 13). His application was initially denied. Plaintiff requested a hearing, which was held on August 11, 2016 via videoconference before Administrative Law Judge ("ALJ") Julia D. Gibbs. The ALJ issued a decision on April 3, 2017, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #6 at 13-22). That decision became the final decision of the Commissioner when the Appeals Council denied review on April 4, 2018. (Dkt. #6 at 1-3). Plaintiff now appeals.

The plaintiff has moved for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c) requesting remand for the calculation and payment of benefits, or in the alternative, for further administrative proceedings. (Dkt. #10). The Commissioner has cross moved (Dkt. #14) for

judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c), affirming the Commissioner's decision. For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records, with emphasis on plaintiff's bilateral hip pain following two arthroscopic procedures, and cervical spondylosis (spinal osteoarthritis) with degenerative disc disease, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment.

Upon consideration of the record, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform sedentary work, except that he requires the ability to stand and stretch for 2-3 minutes every hour without leaving the work site. Plaintiff can perform no more than occasional bending, stooping, or squatting, cannot bend from the waist to pick up items from the floor, and requires a cane for ambulation. (Dkt. #6 at 18).

Given this RFC at the hearing, vocational expert Michael A. Klein testified that plaintiff would be unable to perform his past relevant work as a machinist (performed at the medium exertional level), but would be able to perform the representative sedentary positions of order clerk, call out operator and surveillance system monitor. (Dkt. #6 at 22, 55-57).

## I. The ALJ's Evaluation of Medical Opinion Evidence

Initially, plaintiff objects to the ALJ's assessment of the March 21, 2016 opinion of treating internist Dr. Pankaj K. Garg (who cosigned a February 18, 2016 opinion prepared by treating nurse practitioner Nurcan Ergin), which the ALJ gave "limited" weight. (Dkt. #6 at 662-65). Dr. Garg, who began treating plaintiff in or about 1999, noted that plaintiff's diagnoses included hypertension, hyperlipidemia, uncontrolled diabetes mellitus, anxiety, gastroesophageal reflux disease, fibromyalgia, lower back pain, and bilateral shoulder and hip/groin pain. He noted that plaintiff was also treating with "multiple orthopedic specialists." Dr. Garg opined that plaintiff can no more than occasionally lift or carry with his left arm (less than 10 pounds, for no more than 15 minutes in an 8-hour day) or his right arm (up to 20 pounds, for 30-45 minutes in an 8-hour day); must use a "walker with wheels in front" for ambulation; is limited in pushing and pulling with his upper extremities; can never stoop, kneel or crouch; can no more than occasionally climb or balance; can only occasionally reach in any direction; must avoid moderate exposure to extreme temperatures, humidity and hazards; and is likely to be absent more than four days per month due to his symptoms and/or treatment. (Dkt. #6 at 255, 662-65).

The ALJ rejected the bulk of Dr. Garg's opinion, instead determining that plaintiff: could lift and carry up to 10 pounds frequently; could bend, stoop and squat occasionally, except that he could never bend over from the waist to pick up an item from the floor; had no limitations in climbing or balancing; had no limitations in reaching; had no limitations with respect to temperature extremes, humidity and hazards; had no issues with attendance; and only required the use of a cane for ambulation. (Dkt. #6 at 18).

It is well-settled that "the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other

3

substantial record evidence." *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000). In determining what weight to give a treating physician's opinion, the ALJ must consider: (1) the length, nature and extent of the treatment relationship; (2) the frequency of examination; (3) the evidence presented to support the treating physician's opinion; (4) whether the opinion is consistent with the record as whole; and (5) whether the opinion is offered by a specialist. 20 C.F.R. §404.1527(d)[1]. Further, the ALJ must articulate his reasons for assigning the weight that he does accord to a treating physician's opinion. *See Shaw*, 221 F.3d 126 at 134. *See also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("[f]ailure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand") (internal quotations omitted). An ALJ's failure to apply these factors and provide reasons for the weight given to the treating physician's report is reversible error.

Initially, the ALJ did not engage in any overt application of the treating physician rule, and did not discuss any of the relevant factors, such as Dr. Garg's lengthy treatment history with plaintiff, the nature of his practice, the frequent nature of plaintiff's treatment with Dr. Garg, and the evidence – including treatment records – offered to support Dr. Garg's opinion.

Moreover, even if the ALJ had acknowledged Dr. Garg's status as a treating physician, the ALJ's explanation for declining to credit Dr. Garg's opinion was woefully insufficient. Specifically, the ALJ stated that the limitations she chose not to credit were "not supported by and [are] out of proportion to the medical records as a whole as well as the type and degree of treatment needed." (Dkt. #6 at 20). The ALJ did not, however, identify any medical records that conflicted with or were "out of proportion to" Dr. Garg's opinion, or identify how the type and degree of

---

[1] A recent change to the Administration's regulations regarding the consideration of opinion evidence will eliminate application of the "treating physician rule" for claims filed on or after March 27, 2017. For the purposes of this appeal, however, the prior version of the regulation applies.

medical treatment received by plaintiff (which included regular office visits with Dr. Garg and a host of specialists, prescription medications, cortisone injections, imaging studies, physical therapy and multiple surgeries) was inconsistent with the limitations described by Dr. Garg.

Dr. Garg's opinion was the only medical opinion evidence of record offered by a treating physician with respect to plaintiff's physical limitations, and it contained the only attempt by any medical source to objectively assess plaintiff's ability to sit, stand, walk, lift, carry, push, pull, perform postural activities, and maintain attendance. Because the ALJ's summary rejection of most of Dr. Garg's opinion was grounded only upon the vague and unexplained basis that it was somehow unsupported by the record, the ALJ failed to sufficiently explain her reasoning in a manner sufficient to permit meaningful review, or to support her findings with substantial evidence. *See generally Goble v. Colvin*, 2016 U.S. Dist. LEXIS 7467 at *20-*21 (W.D.N.Y. 2016) (collecting cases and emphasizing that "the ALJ is not free to form his own medical opinion based on the raw medical evidence").

Indeed, many of the limitations described by Dr. Garg were generally supported by evidence of record, including MRI imaging of plaintiff's lumbar spine showing abnormal findings, repeated notations concerning plaintiff's low back pain and decreased range of motion, back spasms, positive straight leg raising tests suggesting spinal nerve impingement, abnormal gait, x-rays and MRI images showing degenerative changes in plaintiff's hips, MRI images showing tendinopathy in plaintiff's left shoulder, a positive drop arm test suggestive of a rotator cuff tear, treatment notes confirming limited range of motion in plaintiff's knees, uncontrolled diabetes, anxiety, pain-induced and fibromyalgia-related sleep disturbances and fatigue, left foot and ankle pain from osteoarthritis, pain with lifting and reaching with the upper extremities despite cortisone injections, ongoing hip pain and loss of range of motion despite physical therapy, lack

5

of appreciable improvement in the ability to stand or walk following plaintiff's second hip surgery in June 2015 despite compliance with physical therapy and home exercise programs, decreased bilateral motor skills, and weakness in the hands and arms. (Dkt. #6 at 290, 292-99, 327-29, 335-36, 405, 417-19, 432, 435-36, 467, 475, 531-32, 583-84, 631). Indeed, plaintiff's medical treatment records reflect ongoing treatment with several orthopedic specialists, although it appears that none of them rendered any opinions concerning plaintiff's RFC.

Given that the limitations opined by Dr. Garg were based on a lengthy and regular course of in-person physical examination and treatment, and because those limitations (with the exception of the environmental limitations Dr. Garg described) were generally consistent with and logically attributable to plaintiff's longstanding complaints, the ALJ's rejection of them as "out of proportion" to the medical evidence of record was erroneous.

In sum, because I find that the ALJ's RFC determination was not supported by substantial evidence, and because this is not a case where the record contains such persuasive proof of disability that remand would serve no purpose, remand for further proceedings is necessary. Because I find that remand is otherwise warranted, I decline to reach the remainder of plaintiff's contentions. *See generally Siracuse v. Colvin*, 2016 U.S. Dist. LEXIS 34561 at *27 (W.D.N.Y. 2016).

**CONCLUSION**

For the forgoing reasons, I find that the ALJ's decision was not supported by substantial evidence. The plaintiff's motion for judgment on the pleadings remanding this matter (Dkt. #10) is granted, the Commissioner's cross motion for judgment on the pleadings (Dkt. #14) is denied, and the matter is remanded for further proceedings.

The Court observes that the evidence of record suggests the potential applicability of Listing 1.04 (Disorders of the Spine) to plaintiff. As such, on remand, the ALJ is initially directed to assess whether plaintiff is disabled pursuant to Listing 1.04, with a detailed discussion of each of the requirements of the Listing and the pertinent evidence of record.

Should the ALJ conclude that plaintiff does not satisfy the requirements of Listing 1.04, the ALJ is then directed to reconsider the opinion of treating physician Dr. Garg with a detailed application of the treating physician rule, and if appropriate, to obtain additional opinions from plaintiff's treating physicians and/or order additional consultative testing, in order to provide a sufficiently complete record upon which a well-reasoned redetermination of plaintiff's limitations may be made.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 15, 2020.